

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-14-2005

# Fetterman v. NAPCO Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Fetterman v. NAPCO Inc" (2005). *2005 Decisions.* Paper 847.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/847

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No:  04-3353

STEVEN FETTERMAN,
                                           Appellant

v.

NAPCO, INC.

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.:  02-CV-1506
District Judge:  The Honorable Joy Flowers Conti

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2004

Before: *Nygaard, Smith, and Fisher, *Circuit Judges*

(Filed: July 14, 2005 )

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge.*

Steven Fetterman filed a complaint on August 30, 2002, alleging that his employer,

Napco, Inc., violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29

U.S.C. § 623, and the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S.A. § 955,

_____

*Honorable Richard L. Nygaard assumed senior status on July 9, 2005

when it terminated him in November 2001.  The District Court for the Western District

of Pennsylvania granted Napco's motion for summary judgment.  It concluded that

Fetterman was unable to demonstrate that Napco's reason for terminating him was a

pretext for age discrimination.[1]  This timely appeal followed.  For the reasons set forth

below, we will affirm.[2]

The facts, familiar to the parties, are set out in detail in the District Court's

thorough memorandum order.  Fetterman, a former hourly employee at Napco, was

promoted in 1989 to the management position of production scheduler, and again in 1998

to the position of off-shift supervisor in the shipping department.  In this latter position,

his responsibilities included oversight of the shipping department, supervision of twelve

to fourteen employees, and regularly conducting a Material Cycle Count ("MCC") of the

product inventory.   Although a team of employees actually conducted the MCC,

Fetterman was ultimately responsible for its accuracy.

Ongoing problems with the MCC, however, prompted Fetterman's supervisor,

Thomas Hogg, to issue a Notice of Corrective Action ("NOCA") on August 6, 2001.  The

NOCA advised Fetterman that he "must immediately demonstrate significant

improvement in those critical areas that you have failed.  Namely:  Discrepancies in the

---

[1]The District Court had jurisdiction pursuant to 28 U.S. C. §§ 1331, 1367.  Appellate
jurisdiction exists under 28 U.S.C. § 1291.

[2]We exercise plenary review over a grant of summary judgment in an employment
discrimination appeal. *Duffy v. Paper Magic Group, Inc.*, 265 F.3d 163, 166 (3d Cir.
2001).

material cycle count - as a supervisor and leader within the organization you have an obligation to ensure that all procedures are followed and adhered too [sic]." Two instances of inappropriate comments to plant personnel were also cited by Hogg. The NOCA indicated that Fetterman had ninety days to improve his performance or he would be dismissed.

On November 2, 2001, Hogg acknowledged that Fetterman attempted to meet the expectations set forth in the August 6 NOCA. Hogg concluded, however, that Fetterman's "improvements have fallen significantly short of what is needed to fulfill the requirements of the Staff level position of Shipping Supervisor." In addition, Hogg cited concerns about Fetterman's management abilities, particularly his lack of communication with management regarding the inappropriate conduct of employees and his lack of leadership in the organization. As a result, Fetterman was terminated from employment.

Fetterman does not dispute that Napco proffered a legitimate, nondiscriminatory reason for terminating his employment. Rather, he contends that his termination was pretextual because there were inconsistencies with the NOCA itself, and because there were remarks by two decisionmakers demonstrating an age bias.

The District Court thoroughly vetted Fetterman's argument, applying the familiar analysis in *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994). It rejected Fetterman's argument that Napco's reason for his termination was pretextual because the MCC was completed by a team of employees, not solely by him. The District Court explained that the completion of the MCC by a team of employees did not cast doubt on Napco's

proffered reason because Fetterman was the management official ultimately responsible for the accuracy of the MCC.  We agree.

We also agree with the District Court that the stray remarks do not demonstrate pretext.  The first remark did not pertain to age.  The second remark, uttered several months after Fetterman's termination, was not probative of whether Fetterman's termination was because of age discrimination.  Accordingly, for substantially the reasons set forth in the District Court's memorandum order we will affirm the judgment in favor of Napco.